IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DAVENPORT,

    Plaintiff,                                        No. CIV S-09-3091 EFB P

    vs.

BEN LEE, et al.,

    Defendants.                               <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

2

1 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
2 (9th Cir. 1978)

3       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  While it is
4 clear that plaintiff intends to pursue claims based on prison officials' alleged deliberate
5 indifference to his serious medical needs, in that plaintiff allegedly broke out in painful "open
6 bleeding sores" all over his body and was left disfigured and in pain, plaintiff fails to state a
7 cognizable claim against any defendant.  This is so because plaintiff does not allege facts
8 showing how any defendant was personally involved in the deprivation of his federal rights.  In
9 the caption of the complaint plaintiff names the following defendants: Dr. Ben Lee; Dr. Reddy,
10 Dr. Dunlap, Dr. Torruella, Dr. Bal, and Does 1-5.  Additionally, in the body of the complaint,
11 plaintiff adds "Jeu-MD.M, Sahota MD.P. [and] Kansier-FNP.S." as defendants.  Compl. § III.
12 Of all of the listed defendants, plaintiff refers only to Dr. Ben Lee in the body of his complaint.
13 Plaintiff alleges "[w]hile going back and forth to see Dr. B. Lee, plaintiff had explained over and
14 over again how much pain and suffering he was going through plus this new disfigurement to his
15 body."  These allegations fail to suggest if and/or how defendant Lee was deliberately indifferent
16 to plaintiff's serious medical needs.  Plaintiff places blame generally on the "Folsom State Prison
17 medical staff," but in order to allege cognizable claims, plaintiff must identify staff members by
18 name and specifically state how that individual was deliberately indifferent to his serious
19 medical needs.

20       To state a claim defendants provided constitutionally inadequate medical care, plaintiff
21 must allege acts or omissions evidencing identified defendants knew of and disregarded
22 plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S.
23 at 835-37 ("the official must both be aware of facts from which the inference could be drawn that
24 a substantial risk of serious harm exists, and he must also draw the inference").  Plaintiff has not
25 done so.  The court also notes that neither defendant's negligence nor plaintiff's general
26 disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106;

1  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d
2  330, 331 (9th Cir. 1996).

3  Additionally, plaintiff may not sue any supervisor on a theory that the supervisor is liable
4  for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  A
5  supervisor may be held liable in his or her individual capacity "'for his own culpable action or
6  inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland,*
7  *Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630,
8  646 (9th Cir. 1991)).  "A supervisor is only liable for constitutional violations of his subordinates
9  if the supervisor participated in or directed the violations, or knew of the violations and failed to
10 act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

11 Plaintiff must file an amended complaint to proceed.  Plaintiff's amended complaint,
12 should he file one, must clearly identify the individuals he intends to name as defendants.
13 Plaintiff must also include sufficient factual allegations linking each defendant to an act or
14 omission that would indicate a deprivation of plaintiff's federal rights.

15 Any amended complaint must show that the federal court has jurisdiction and that
16 plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's
17 allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a
18 defendant only persons who personally participated in a substantial way in depriving plaintiff of
19 a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person
20 subjects another to the deprivation of a constitutional right if he does an act, participates in
21 another's act or omits to perform an act he is legally required to do that causes the alleged
22 deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the
23 participants and allege their agreement to deprive him of a specific federal constitutional right.

24 In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
25 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.
26 Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4

occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to

read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended

Complaint." Failure to file an amended complaint will result in dismissal for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: June 23, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE