IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DAVENPORT,

      Plaintiff,                           No. CIV S-09-3091 GEB EFB P

   vs.

BEN LEE, et al.,

      Defendants.              ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On November 2, 2010, the undersigned issued an order directing the United States Marshal to serve process on defendants Dunlap, Sahota, Lee, Reddy, Bal, and Torruella. Dckt. No. 11. The order directed the Marshal to first request a waiver of service of summons from defendants in accordance with the provisions of Rule 4(d) of the Federal Rules of Civil Procedure ("Rule").[1] *Id.* at 2. The order also directed the Marshal to personally serve a defendant if that defendant failed to return the waiver within 60 days from the date the request was mailed. Dckt. No. 11 at 2.

---

[1] Rule 4(d) allows certain defendants to waive service of a summons and imposes a duty on those defendants "to avoid unnecessary expense of serving the summons." Fed. R. Civ. P. 4(d)(1).

1

Pursuant to Rule 4(d)(2):

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

On March 15, 2011, a representative from the Marshals Service informed the undersigned's law clerk that the USM had not received waivers of service from defendants Lee, Reddy, Bal, and Torruella.[2] Therefore, in accordance with the court's November 2, 2010 order, the Marshal intended to proceed with personal service on these defendants. According to the docket, however, these defendants have answered plaintiff's complaint, and personal service appears unnecessary. *See* Dckt. Nos. 16, 21. If defendants intended to waive service by filing an answer, they have not so informed the Marshal, who is under no obligation to review the docket before proceeding with personal service as directed by the court.

If a defendant fails to sign and return a waiver to the Marshal, that defendant may be required to bear the cost of such service. Fed. R. Civ. P. 4(d)(2). In order to avoid any unnecessary expense of personal service; the court will direct the Marshal to not proceed with personal service.

Accordingly, it is hereby ORDERED that:

1. The U.S. Marshal shall not proceed with personal service on defendants Lee, Reddy, Bal, and Torruella;

2. Defendants Lee, Reddy, Bal, and Torruella shall show cause, within 14 days, why they should not be sanctioned for failing to timely return any waivers of service; and

---

[2] This information was acquired as a result of a telephone call from the undersigned's law clerk to the district office of the United States Marshal Service. The purpose of the call was to inquire about the status of service of process on defendants Dunlap and Sahota, as the docket reflected that neither defendant had waived service or appeared.

3. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: March 16, 2011.

                           EDMUND F. BRENNAN
                           UNITED STATES MAGISTRATE JUDGE