IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DAVENPORT,

    Plaintiff,                      No. CIV S-09-3091 GEB EFB P

    vs.

BEN LEE, et al.,

    Defendants.          <u>ORDER</u>

         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 9, 2011, plaintiff moved to compel defendants Reddy, Lee and Bal ("defendants") to respond to plaintiff's requests for admissions, requests for production, and interrogatories. Dckt. No. 22. Defendants opposed the motion. Dckt. No. 28. On March 16, 2011, plaintiff filed with the court his requests for production of documents, which are directed to defendants. Dckt. No. 24. On April 5, 2011, plaintiff filed three "amended" motions to compel, and on April 14th, plaintiff filed a motion requesting that the court determine whether defendants' discovery responses are duplicative. Dckt. Nos. 34-37. Defendants opposed these motions. For the reasons stated below, plaintiff's motions will be denied and plaintiff's March 16th filing will be stricken from the docket.

////

**I.       Plaintiff's March 9, 2011 Motion to Compel**

On March 9, 2011, plaintiff filed a motion to compel. A motion to compel is appropriate when a party fails to provide responses to interrogatories submitted under Rule 33, or fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party seeking to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are otherwise deficient.

Defendants oppose plaintiff's motion to compel on the grounds that plaintiff had not served defendants with his interrogatories or his requests for production prior to filing his motion, and because plaintiff did not indicate which of the responses to any of his requests for admissions he contends are insufficient. Dckt. No. 28. In a declaration provided with defendants' opposition, defense counsel indicates that defendants never received any document requests or interrogatories before plaintiff filed the March 9th motion. Dckt. No. 28, Ex. A ¶¶ 2-3. Defendants also point out that plaintiff has not identified any interrogatories or document requests to which he seeks further responses. Dckt. No. 28 at 2. Plaintiff did not file a reply.

It appears from the court file that plaintiff never served defendants with interrogatories or requests for production prior to filing his motion to compel. Moreover, plaintiff has not identified any particular responses from defendants as deficient. Therefore, to the extent plaintiff seeks to compel responses to his requests for production and interrogatories, his request will be denied.

With his motion, plaintiff attaches all 73 of defendants' responses to his requests for admissions, but in no way indicates how any of those responses are deficient. *See* Dckt. No. 22, Exs. A, B, C. Without knowing which responses to plaintiff's requests for admissions that he seeks to compel and on what grounds, there is no basis on which to grant plaintiff's motion.

Accordingly, plaintiff's March 9th motion will also be denied to the extent it seeks to compel further responses to his requests for admissions.

## II.     Plaintiff's March 16, 2011 Filing

On March 16, 2011, plaintiff filed his requests for production of documents with the court. Plaintiff is hereby informed that he must serve his requests for discovery on defendants rather than filing them with the court. Interrogatories, requests for production, requests for admission, responses and proofs of service thereof "shall not be filed with the clerk until there is a proceeding in which the document or proof of service is at issue. When required in a proceeding, only that part of the request and response that is in issue shall be filed." Local Rules 250.2-250.4. Plaintiff's March 16th requests for production of documents will therefore be stricken from the docket.

## III.    Plaintiff's April 5, 2011 and April 14, 2011 Motions

In his April 5th motions, plaintiff again moves to compel defendants to provide further responses to, apparently all, of his requests for admissions. Dckt. Nos. 34-36. In his April 14, 2011 motion, plaintiff argues that defendants' responses to his requests for admissions are duplicative. Dckt. No. 37. Defendants argue that plaintiff's motions should be denied because plaintiff merely asserts that he needs defendants' responses to his requests for admissions but does not rebut any of defendants' objections to the requests. Dckt. No. 40.

Plaintiff has not met his burden on his motions to compel. Plaintiff does not explain how any particular response of defendants is deficient. Moreover, the court has reviewed defendants' responses and finds that defendants raised proper objections. *See* Dckt. No. 37, Exs. A, B, C. Plaintiff's requests mostly took on one of two forms, both of which were vague and unintelligible. Plaintiff either listed a drug along with certain dates or provided a disjointed and rambling statement. For example, in request for admission number five to defendant Lee, plaintiff stated "The drug call Atacand 8 mg-16mg, 7/8/2008-11/29/2008, Lee.Dunlap/Reddy." Dckt. No. 37, Ex. A (RFA No. 5). Lee's objections that this request and others like it, were

1 vague and unintelligible, were proper. That defendants repeatedly raised the "vague and
2 unintelligible" objection does not render it inappropriate as duplicative. Plaintiff's other
3 requests, while longer than the requests merely listing drugs and dates, were also vague and
4 unintelligible. For example, in request for admission number one to all defendants, plaintiff
5 stated:

> Required information as to prescription drugs not included in advertisements is such other information in brief summary relating to side effects, contraindications, and effectiveness as shall be required by regulations promulgated by the department: Per California Health and Safety Code section 111360.

9 Dckt. No. 37, Ex. A (RFA No. 1), Ex. B (RFA No. 1), Ex. C RFA No. 1) . Again, defendants
10 appropriately objected to this requests and others like it, as vague and unintelligible.

11 It is not at all clear precisely what information plaintiff seeks through his requests for
12 admissions. The requests are framed in such a way that defendants could not possibly admit or
13 deny them. Thus, defendants also properly responded to many of plaintiff's requests by stating
14 that they do not have sufficient information to admit or deny the request. *See* Dckt. No. 37, Exs.
15 A, B. C. Plaintiff has not explained why any of defendants' objections or responses are
16 improper or deficient, nor does plaintiff adequately clarify what information he sought through
17 his requests for admissions. Plaintiff did not file a reply brief  On this record, the court must
18 deny plaintiff's motions.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's March 9, 2011 motion to compel (Dckt. No. 22) is denied;

2. Plaintiff's March 16, 2011 request for production of documents (Dckt. No. 24) is stricken and the Clerk of the Court shall make a notation on the docket to that effect;

3. Plaintiff's April 5, 2011 motions to compel (Dckt. Nos. 34, 35, 36) are denied; and

////

////

1    4. Plaintiff's April 14, 2011 motion (Dckt. No. 37) is denied.

2 Dated: May 31, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5