IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DAVENPORT,

Plaintiff, No. CIV S-09-3091 GEB EFB P

vs.

BEN LEE, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants Lee, Reddy, Bal, Dunlap, and Torruella's ("defendants")[1] move for summary judgment.[2] For the reasons set forth below, the court recommends that defendants' motion be granted.

**I. Background**

This action proceeds on plaintiff's amended complaint filed on July 13, 2010. Dckt. Nos. 8, 9. In his amended complaint, plaintiff alleges that defendants subjected him to cruel and

[1] Defendant Sahota was only recently served with process. He filed an answer and did not join in the motion presently before the court. *See* Dckt. Nos. 59, 60.

[2] Although the court did not authorize plaintiff to file a surreply, it was considered in resolving defendants' motion. *See* Dckt. No. 58.

unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 1, section 17 of the California Constitution. Plaintiff also alleges that defendant Reddy violated California Government Code section 845.6 by failing to summon medical care.[3]

The evidence submitted by defendants establishes the following. At all times relevant to the present action, plaintiff was a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Folsom State Prison ("FSP"). Defs.' Mot. for Summ. J. ("Defs.' MSJ"), Stmt. of Undisputed Facts in Supp. Thereof ("DUF") 1. Defendants were physicians at FSP and at various times each defendant prescribed plaintiff medication, including medication to treat plaintiff's diabetes and hypertension. DUF 2-3. On September 2, 2008, plaintiff was examined by a triage nurse because plaintiff had pimples of unknown etiology on his leg. DUF 4. At the request of the triage nurse, defendant Lee prescribed plaintiff the topical antifungal Tolnaftate cream and the oral antihistamine Chlorpheniramine. DUF 5. Plaintiff was informed that he would have a follow up appointment with a physician in two weeks. DUF 4.

On September 11, 2008, defendant Lee examined plaintiff and noted that plaintiff had skin lesions on his legs, arms, and trunk. DUF 6-7. Lee discontinued the Tolnaftate and Chlorpheniramine, and prescribed plaintiff the topical corticosteroid Triamcinolone cream. DUF 8. On September 25, 2008, defendant Torruella examined plaintiff. Torruella performed a skin biopsy and prescribed plaintiff a different topical corticosteroid ointment and oral antibiotic. DUF 9. The pathology report for plaintiff's skin biopsy showed lichenoid dermatitis, which is consistent with the auto-immune disorder lichen planus. DUF 10. After receiving the pathology

[3] Plaintiff's complaint also asserts claims against "Doe" defendants. In light of Rule 15 of the Federal Rules of Civil Procedure, which governs motions to amend the complaint to add parties and claims, the use of Doe defendants is unnecessary in federal court. It is also disfavored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Where a plaintiff later discovers the identity of a person or party he wishes to add as a defendant, Rule 15 governs and prescribes the procedure that plaintiff must follow. This action does not proceed with the claims asserted against "Doe" defendants as plaintiff did not seek leave to amend his complaint.

report, Torruella initiated the necessary paper work to have plaintiff evaluated by an outside dermatologist. DUF 12.

On October 3, 2008, Lee examined plaintiff and discussed the possible diagnosis of lichen planus. DUF 11. Lee also increased plaintiff's dosage of Betamethasone ointment to three times a day and prescribed Tylenol with codeine to address plaintiff's complaints of a painful rash. *Id*. Plaintiff was examined again by Lee on October 9, 2009. DUF 13. Because there had been no improvement to plaintiff's condition, Lee upgraded plaintiff's referral to urgent. DUF 13.

Plaintiff was examined by Dr. Barr, Assistant Professor of Dermatology at U.C. Davis Medical Center, on October 20, 2008. DUF 14. Dr. Barr confirmed that plaintiff had the condition lichen planus and presented treatment options. *Id*. The following day, Lee implemented Dr. Barr's treatment recommendations of applying the corticosteroid cream Triamcinolone over plaintiff's entire body after bathing and prescribing the oral antihistamine Hydroxyzine and the oral antibiotic Keflex. DUF 15. Lee continued to treat plaintiff's skin condition, which improved under Lee's care. DUF 17.

## II. Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

////

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district

court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the

proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue. *Celotex.*, 477 U.S. at 323. Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

On November 19, 2010, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## III. Discussion

Defendants move for summary judgment, arguing that plaintiff has failed to proffer evidence that defendants subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment and Article I, section 17 of the California Constitution. Defendants also argue that there is insufficient evidence to show that defendant Reddy violated California Government Code section 845.6.

////

////

**A. Eighth Amendment Claim**

Plaintiff broadly alleges that defendants acted with reckless disregard to a risk of injury and violated plaintiff's right to be free from pain and injury in violation of the Eighth Amendment. *See generally* Dckt. No. 8. The court construes plaintiff's complaint as alleging that: 1) defendants acted with reckless disregard to a serious risk of harm, and 2) defendants were deliberately indifferent in treating plaintiff's serious medical needs.

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir. 1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to

violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In his amended complaint, plaintiff alleges that defendants prescribed him numerous medications. Dckt. No. 8 at 5-6, 9-17. Plaintiff claims that these medications caused sleep deprivation, bleeding, sores, black pigmentation, skin rash, swelling, skin irritation, skin peeling, lesions and puss leaking from open wounds. *Id*. at 7, 10, 12, 14,16. Essentially, plaintiff claims that defendants were deliberately indifferent to a serious risk of harm because they prescribed him medications that caused his lichen planus.

Defendants argue that they are entitled to summary judgment because there is no evidence that the medications prescribed to plaintiff contributed to his lichen planus. Defs.' MSJ at 6. In support of their motion, defendants submit the declaration of Lee ("Lee Decl."). Lee declares that he is board certified in internal medicine and has over thirty years experience treating skin conditions, including lichen planus. Lee Decl. ¶ 1. Lee further declares that lichen planus is not caused by drug allergy or a drug interaction involving the medications that plaintiff was prescribed. *Id*. at ¶ 16. Plaintiff does not submit evidence refuting Lee's declaration, nor does he provide evidence supporting his belief that defendants are responsible for him

////

developing lichen planus.[4] By failing to provide evidence that defendants prescribed him medications that contributed to his lichen planus, plaintiff has failed to create a triable issue as to whether defendants subjected him to an excessive risk to his health.

In his opposition to defendants' motion, plaintiff also claims that defendants acted with deliberate indifference because the medication prescribed by defendants caused him to suffer a heart attack. Dckt. No. 52 at 15. Plaintiff does not produce any evidence to substantiate this claim.

Plaintiff also claims that defendants were deliberately indifferent to his serious medical needs by failing to properly treat his lichen planus. The evidence shows that medical personnel examined plaintiff on September 2, 2008, and prescribed him medication for his skin condition. DUF 4. A follow-up examination was conducted on September 11, 2008, and different medication was prescribed in an attempt to treat plaintiff's skin problem. DUF 6-8. On September 25, 2008, plaintiff was evaluated by Torruella, who conducted a skin biopsy and prescribed plaintiff different medication for his skin. DUF 9. After receiving the results of the biopsy, which revealed the possible diagnosis of lichen planus, Torruella initiated the paper work to have plaintiff seen by an outside dermatologist. DUF 10-12. Plaintiff was also evaluated by Lee on October 3, 2008 and October 9, 2008. Plaintiff was seen by an outside dermatologist on October 20, 2008, and Lee implemented the dermatologist's recommended treatment the following day. DUF 14-15. Lee also continued to treat plaintiff and plaintiff's condition improved. DUF 17. Rather than showing deliberate indifference to his condition, the evidence establishes that plaintiff received extensive medical care and treatment for his skin condition.

---

[4] Plaintiff requests this court take judicial notice of various documents submitted with his opposition. Dckt. No. 51. The court may take judicial notice of adjudicative facts not subject to reasonable dispute. Fed. R. Evid. 201. The items plaintiff wishes the court to consider are not relevant, not "adjudicative facts," or can be considered by the court as evidence without taking judicial notice. *See id.*, Ex. A. For example, Exhibit "A" attached to plaintiff's request for judicial notice is considered as evidence submitted with plaintiff's opposition to defendants' motion.

Plaintiff does not produce any evidence to support his claims of deliberate indifference, or otherwise refute defendants' evidence. Thus, while plaintiff may generally dispute defendants' contentions, there simply is no evidence that would permit a reasonable jury to find that defendants acted with deliberate indifference in treating plaintiff's lichen planus. Indeed, all the medical evidence is to the contrary.

Plaintiff further claims that defendants acted with deliberate indifference because plaintiff "was denied emergency visitation for 30 days." Dckt. No. 8 at 4. Plaintiff also argues that he was not permitted to see a dermatologist for 90 days. Dckt. No. 52 at 21. Plaintiff appears to be arguing that defendants delayed his medical treatment because plaintiff was not examined by a dermatologist until October 20, 2008. *See Jackson*, 90 F.3d at 332 ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."). That simply is not the case. Although plaintiff was not evaluated by a dermatologist until October 20, 2008, his condition was not ignored during the interim time. The medical evidence shows that plaintiff was provided medical care before this date. As discussed above, plaintiff was evaluated on several occasions by medical personnel prior to being referred to a dermatologist. Plaintiff has not submitted any evidence that would permit a finding that defendants violated his constitutional rights by delaying or denying medical care.

Plaintiff has failed to create a genuine issue as to whether defendants acted with deliberate indifference to his serious medical needs. Accordingly, defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.

**B. State Law Claim Under Article I, Section 17 of the California Constitution**

Plaintiff essentially claims that the same conduct that allegedly amounted to an Eighth Amendment violation also violated his rights under the California Constitution. Article I, section 17 of the California Constitution prohibits the imposition of cruel or unusual punishment.

////

This section is California's equivalent to the Eighth Amendment. *See In re Alva*, 33 Cal. 4th 254, 294 (2004) (there is "no basis to find a different meaning of 'punishment' for state purposes than would apply under the Eighth Amendment."); *Ochoa v. Superior Court* 39 Cal. 3d 159 (1985) (applying the same analysis for deliberate indifference to serious medical needs claims brought under California and federal constitutions.). As explained above, plaintiff has failed to provide any evidence that defendants were deliberately indifferent to his serious medical needs.

Furthermore, plaintiff only seeks monetary relief against defendants. There is no private right of action for damages under California's cruel or unusual punishment clause. *See Giraldo v. California Dept. Of Corrections and Rehabilitation*, 168 Cal. App. 4th 231, 253-56 (2008) ("there is no basis to recognize a claim for damages under article 1, section 17 of the California Constitution").

Accordingly, defendants are entitled to summary judgment on plaintiff's claim brought under California's Constitution.

**C. California Government Code § 845.6**

In his amended complaint, plaintiff claims that defendant Reddy is liable under California Government Code section 845.6 because plaintiff allegedly showed Reddy the symptoms he was experiencing as a result of his skin condition, but Reddy did not summon medical attention. Dckt. No. 8 at 9. Specifically, plaintiff alleges that in the first week of September 2008, he approached Reddy and showed her the sores on his legs and feet. *Id*. Plaintiff claims that Reddy responded by stating that she was no longer the doctor for building five. *Id*.

California Government Code section 845.6 states that a public employee is liable if he or she has actual or constructive knowledge that an inmate requires immediate medical care, but fails to summon such care. To succeed on a claim under § 845.6, an inmate must establish: "(1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006). "Liability under section 845.6 is limited to serious and obvious medical conditions

requiring immediate care." *Watson v. State*, 21 Cal.App.4th 836, 841 (1993).

Plaintiff has submitted no evidence that when he allegedly presented his symptoms to Reddy, his skin condition constituted a serious medical condition requiring immediate medical attention. Plaintiff also provides no evidence that Reddy had any knowledge, actual or constructive, that plaintiff had a serious medical condition. Additionally, it does not appear that Reddy "unreasonably" failed to summon medical care for plaintiff or that Reddy caused plaintiff any injury, given that plaintiff was easily able to obtain medical treatment on his own by walking to the building five medical clinic, which he did on September 2, 2008 and September 11, 2008. Lee Decl. ¶ 20. Rather than submitting a declaration that discusses his interaction with Reddy, including the symptoms he allegedly showed Reddy and her alleged response, plaintiff merely relies on the unsworn allegations contained in his complaint. Plaintiff has failed to submit any evidence showing that Reddy should have summoned medical care for him. Accordingly, Reddy is entitled to summary judgment on this claim.

**IV. Conclusion**

Accordingly, it is hereby recommended that:

1. Defendants' August 1, 2011 motion for summary judgment be granted; and

2. This action proceed on plaintiff's claim against defendant Sahota.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE