IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DAVENPORT,

        Plaintiff,               No. 2:09-cv-3091 GEB EFB P

  vs.

BEN LEE, et al.,

        Defendants.        ORDER

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On July 24, 2012, the undersigned recommended that this action be dismissed because plaintiff failed to comply with court orders directing him to respond to defendant Sahota's motion for summary judgment, and for failure to prosecute this action. Dckt. No. 79; *see also* Dckt. No. 74 (warning plaintiff that failure to respond to defendant's motion could result in a recommendation that this action be dismissed). Thereafter, plaintiff filed the following: (1) a motion to "vacate" the July 24, 2012 findings and recommendations pursuant to Rule 59(e) of the Federal Rules of Civil Procedure; (2) a motion for appointment of counsel; and (3) an application to proceed in forma pauperis.

////

////

1

Pursuant to Rule 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Plaintiff's motion must be denied because judgment has not been entered in this case. To the extent plaintiff is seeking reconsideration by the undersigned of the July 24, 2012 findings and recommendations, that motion must also be denied. Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4). Plaintiff's motion, which consists of two sentences, does not describe new or different facts or circumstances that would warrant reconsideration of the undersigned's findings and recommendations.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

////

////

1  Finally, plaintiff seeks leave to proceed in forma pauperis. On June 23, 2012, the court
2 granted plaintiff's request for leave to proceed in forma pauperis. Dckt. No. 5. Accordingly,
3 plaintiff's request must be denied as moot.
4  Accordingly, IT IS HEREBY ORDERED that plaintiff's motions, Dckt. Nos. 81, 83, and
5 84, are denied.
6 DATED: August 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE