IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD P. DAVENPORT,

    Plaintiff,          No. 2:09-cv-3091-GEB-EFB P

   vs.

BEN LEE, et al.,

    Defendants.      <u>ORDER</u>

      Plaintiff is a state prisoner pursing this civil rights action under 42 U.S.C. § 1983. Currently pending before the court is plaintiff's October 3, 2012 motion for relief from judgment, brought pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 91.

      On April 26, 2012, the sole remaining defendant in this action, defendant Sahota, moved for summary judgment. ECF No. 68. Plaintiff failed to file an opposition or statement of no opposition to the motion, despite being ordered to do so by the court on June 22, 2012. ECF No. 74. Accordingly, the magistrate judge recommended that the court dismiss the action without prejudice on July 24, 2012. ECF No. 79. The court adopted the recommendation and dismissed the case on August 22, 2012. ECF No. 86. Plaintiff sought an extension of time to file a motion for relief from judgment, which was granted. ECF Nos. 88, 89. On October 3, 2012, plaintiff filed the instant motion. ECF No. 91.

1    Plaintiff avers that, before he was able to compose his objections to the magistrate
2    judge's recommendation that the case be dismissed, he was placed in administrative segregation.
3    *Id.* at 3.  According to plaintiff, he "was denied access to the courts, and deprived of his
4    property."  *Id.*  Plaintiff also declares that, at some point, he was transferred from Folsom State
5    Prison to San Quentin State Prison. *Id.* at 3-4.  Plaintiff believes that the library at San Quentin
6    "is inadequate and don't [sic] have the necessary accommodations for legal research." *Id.* at 4.
7    Defendant argues that plaintiff's motion should not be granted because: (1) plaintiff does
8    not explain how his placement in administrative segregation prevented him from opposing the
9    summary judgment motion; (2) plaintiff does not explain why he did not seek an extension of
10   time to file his opposition; and (3) defendant's evidence shows that plaintiff was not in
11   administrative segregation on June 22, 2012, when the court ordered plaintiff to respond to the
12   summary judgment motion.
13   Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

24   A case may not be reopened under Rule 60(b) absent "extraordinary circumstances." *United*
25   *States v. Washington*, 593 F.3d 790, 799 (9th Cir. 2010).  The court finds that plaintiff has not
26   shown such circumstances here.  As defendant points out, plaintiff's brief motion contains no

explanation of why he could not prepare his opposition to defendant's summary judgment motion, or seek an extension of time for doing so, while in segregated housing. Additionally, the evidence before the court shows that plaintiff was not in segregated housing, but was instead housed with the general population, between May 24, 2012 and October 5, 2012. ECF No. 92 at 11; *see* ECF No. 91 at 5 (plaintiff's own motion indicates that he was released from segregated housing by May 26, 2012). Plaintiff provides no explanation of why he could not timely respond to the court's June 22, 2012 order that he file an opposition or statement of no opposition, other than an unsupported assertion that the law library at San Quentin State Prison is somehow inadequate. That assertion, without any supporting facts (e.g., facts showing what plaintiff needed from the library that was not available), does not establish extraordinary circumstances justifying relief from the judgment. Accordingly, plaintiff's motion for relief from the judgment (ECF No. 91) is DENIED.

So ordered.

Dated:  September 26, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge